IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darien Maurice Jackson, | No. CV-20-00943-PHX-JJT (MHB) |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, | |
| Respondent. | |

At issue is the Report and Recommendation (Doc. 32, R&R) submitted by United States Magistrate Judge Michelle Burns recommending that the Court deny and dismiss with prejudice the Fifth Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 16, Petition). Petitioner timely filed Objections to the R&R (Doc. 33) and Respondents filed a Reply thereto (Doc. 34). The Court will overrule the Objections, adopt the R&R, and dismiss the Petition with prejudice.

Petitioner raised nine grounds for relief in his Petition, none of which he ever raised to the Arizona Court of Appeals. And as Judge Burns noted in her R&R, his failure to do so resulted in a failure to exhaust his remedies in state court as to those grounds: "To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner." (R&R at 6.) Judge Burns also noted that in Arizona, a petitioner also could meet this requirement by presenting the claims to the Arizona Court of Appeals. But he did not present any of these claims to either the Arizona Supreme Court or the Arizona Court of Appeals, either on direct appeal or on a

petition for review of post-conviction relief proceedings. And he is now procedurally barred from returning to state court to exhaust those claims.

As Judge Burns also correctly concluded, Petitioner does not satisfy the requirements by which his failure to exhaust and concomitant procedural default could be excused. He cannot show good cause for his failure to raise his grounds to the Arizona appellate court to qualify for relief under *Martinez v. Ryan*, 566 U.S. 1, 16 (2012), because that failure occurred at the secondary, or appellate, review level of his PCR proceedings, to which Judge Burns recognized *Martinez* does not apply. (R&R at 13.) And despite the R&R making this deficiency clear, Petitioner failed to even address Judge Burns's conclusion as to lack of cause in his Objections.

Moreover, Petitioner does not qualify for the "actual innocence/miscarriage of justice" gateway set forth in *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Judge Burns concluded that Petitioner failed to establish a miscarriage of justice by presenting "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." (R&R at 11-12.) To the extent the *Schlup* gateway is even available to a petitioner convicted upon a guilty plea—a question expressly left open by the Ninth Circuit in *Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007), as Respondents recognized (Doc. 34 at 6-7)—Petitioner has failed to provide "new reliable evidence" that would demonstrate the constitutional violations he alleges probably resulted in the conviction of someone who is actually innocent. *Schlup*, 513 U.S. at 327. The Court agrees with Judge Burns that the loose allegations Petitioner presents in his supplements to his Petition, and repeats in his Objections to the extent the Court can decipher them, are mere conclusory statements that do not meet the standard to show actual innocence and thus demonstrate a miscarriage of justice.

**IT IS ORDERED** overruling Petitioner's Objections to the R&R (Doc. 33).

**IT IS FURTHER ORDERED** adopting in whole the R&R submitted by Judge Burns (Doc. 32) and denying and dismissing with prejudice the Fifth Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 16, Petition).

**IT IS FURTHER ORDERED** denying a certificate of appealability and leave to proceed *in forma pauperis*. Dismissal of the Fifth Amended Petition in this matter is justified by a plain procedural bar. Jurists of reason would not find this procedural ruling debatable.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter.

Dated this 22nd day of November, 2021.

Honorable John J. Tuchi
United States District Judge

- 3 -